

United States of America
Federal Trade Commission

# CIVIL INVESTIGATIVE DEMAND

1. TO

Vantiv, Inc.
8500 Governor's Hill Drive
Symmes Township, Ohio 45249

---

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

2. ACTION REQUIRED

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
|  |  |
|  | DATE AND TIME OF HEARING OR DEPOSITION |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS MUST BE AVAILABLE
**AUG 1 9 2013**

3. SUBJECT OF INVESTIGATION
See attached resolution.

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Reeve Tyndall / Roberto Anguizola<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, Mailstop H-286<br>Washington, DC 20580 | Bikram Bandy (202-326-2978)<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, Mailstop H-286<br>Washington, DC 20580 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 7/24/13 |  |

### INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

### YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

### TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

FTC Form **144** (rev 2/08)

# Form of Certificate of Compliance*

I/We do certify that all of the documents and information required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to such interrogatory or uncompleted portion and the reasons for the objections have been stated.

Signature _____

Title _____

Sworn to before me this day

_____   _____

_____
Notary Public

_____

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:         Jon Leibowitz, Chairman
                       William E. Kovacic
                       J. Thomas Rosch
                       Edith Ramirez
                       Julie Brill

RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN A NONPUBLIC
INVESTIGATION OF TELEMARKETERS, SELLERS, SUPPLIERS, OR OTHERS

File No. 0123145

Nature and Scope of Investigation:

To determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in: (1) unfair or deceptive acts or practices in or affecting commerce in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (as amended); and/or (2) deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support — such as mailing lists, scripts, merchant accounts, and other information, products, or services — to telemarketers engaged in unlawful practices. The investigation is also to determine whether Commission action to obtain redress for injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, 57b-1 (as amended); and FTC Procedures and Rules of Practice, 16 C.F.R. §§ 1.1 *et seq.* and supplements thereto.

By direction of the Commission.

Donald S. Clark
Secretary

Issued: April 11, 2011

# CIVIL INVESTIGATIVE DEMAND
# SCHEDULE FOR PRODUCTION OF DOCUMENTS AND
# ANSWERS TO WRITTEN INTERROGATORIES

**I.  DEFINITIONS**

As used in this Civil Investigative Demand, the following definitions shall apply:

A.  "**And,**" as well as "**or,**" shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.  "**Any**" shall be construed to include "**all,**" and "**all**" shall be construed to include the word "**any.**"

C.  "**CID**" shall mean the Civil Investigative Demand, including the attached Resolution and this Schedule, and including the Definitions, Instructions, and Specifications.

D.  "**Company**" shall mean Vantiv, Inc., its wholly or partially owned subsidiaries (including Vantiv, LLC), unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

E.  "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, label, drafts, transcripts of audio or video recordings, or file or folder label . "**Document**" **shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

F.  "**Each**" shall be construed to include "**every,**" and "**every**" shall be construed to include "**each.**"

G.  "**Electronically Stored Information**" **or "ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether

active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

H.   **"FTC"** or **"Commission"** shall mean the Federal Trade Commission.

I.   **"Identify"** or **"the identity of"** shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

J.   **"Referring to"** or **"relating to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

K.   **"You"** and **"Your"** shall mean the person or entity to whom this CID is issued and includes the "Company".

L.   **"A+ Financial"** shall mean: (a) A+ Financial Center, LLC, Accelerated Financial Centers LLC, or Accelerated Accounting Services LLC; (b) the entity with the merchant identification number or chain code of 12565384; (c) any entity associated with Christopher L. Miano, Dana M. Miano, Heinz G. Tiede, or Robert Page between January 1, 2009 and October 31, 2012; or (d) any wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of any of the foregoing entities.

M.   **"Debt Relief Product or Service"** means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

N.   **"First National Bank of Omaha"** shall mean First National Bank of Omaha, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

O.   **"Outbound Telephone Call"** shall mean a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution, including a telephone call initiated to deliver a recorded message describing sales events, encourage visits to retail stores, or promote online sales.

P.   **"NPC"** shall mean National Processing Company, its wholly or partially owned

subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

Q.   **"Telemarketing"** shall mean a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

R.   **"TSYS"** shall mean TSYS Merchant Solutions, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

II.   **INSTRUCTIONS**

A.   **Sharing of Information**: The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies. The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11 (c) and (j). Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

B.   **Meet and Confer**: You must contact **Bikram Bandy at 202-326-2978** as soon as possible to schedule a meeting (telephonic or in person) to be held within fourteen (14) days after receipt of this CID, or before the deadline for filing a petition to quash, whichever is first, in order to discuss compliance and to address and attempt to resolve all issues, including issues relating to protected status and the form and manner in which claims of protected status will be asserted, and the submission of ESI and other electronic productions as described in these Instructions. Pursuant to 16 C.F.R. § 2.7(k), you must make available personnel with the knowledge necessary for resolution of the issues relevant to compliance with this CID, including but not limited to personnel with knowledge about your information or records management systems, relevant materials such as organizational charts, and samples of material required to be produced. If any issues relate to ESI, you must make available a person familiar with your ESI systems and methods of retrieval.

C.   **Applicable time period**: Unless otherwise directed in the specifications, the applicable time period for the request shall be from **April 1, 2008 until the date of full and complete compliance with this CID**.

D.   **Claims of Privilege**: If any material called for by this CID is withheld based on a claim of privilege, work product protection, or statutory exemption, or any similar claim (*see* 16 C.F.R. § 2.7(a)(4)), the claim must be asserted no later than the return date of this CID. In addition, pursuant to 16 C.F.R. § 2.11(a)(1), submit, together with the claim, a detailed log of the items withheld. The information in the log shall be of sufficient detail to enable the Commission staff to assess the validity of the claim for each document, including attachments, without disclosing

the protected information. Submit the log in a searchable electronic format, and, for each document, including attachments, provide:

1. Document control number(s);

2. The full title (if the withheld material is a document) and the full file name (if the withheld material is in electronic form);

3. A description of the material withheld (for example, a letter, memorandum, or email), including any attachments;

4. The date the material was created;

5. The date the material was sent to each recipient (if different from the date the material was created);

6. The email addresses, if any, or other electronic contact information to the extent used in the document, from which and to which each document was sent;

7. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all authors;

8. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all recipients of the material;

9. The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all persons copied on the material;

10. The factual basis supporting the claim that the material is protected; and

11. Any other pertinent information necessary to support the assertion of protected status by operation of law.

16 C.F.R. § 2.11(a)(1)(i)-(xi).

In the log, identify by an asterisk each attorney who is an author, recipient, or person copied on the material. The titles, business addresses, email addresses, and relevant affiliations of all authors, recipients, and persons copied on the material may be provided in a legend appended to the log. However, provide in the log the information required by Instruction D.6. 16 C.F.R. § 2.11(a)(2). The lead attorney or attorney responsible for supervising the review of the material and who made the determination to assert the claim of protected status must attest to the log. 16 C.F.R. § 2.11(a)(1).

If only some portion of any responsive material is privileged, all non-privileged portions of the material must be submitted. Otherwise, produce all responsive information and material

without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(1).

E.  **Document Retention:** You shall retain all documentary materials used in the preparation of responses to the specifications of this CID. The Commission may require the submission of additional documents at a later time during this investigation. <u>Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents</u> that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

F.  **Petitions to Limit or Quash:** Any petition to limit or quash this CID must be filed with the Secretary of the Commission no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition shall set forth all assertions of protected status or other factual and legal objections to the CID, including all appropriate arguments, affidavits, and other supporting documentation. 16 C.F.R. § 2.10(a)(1). Such petition shall not exceed 5,000 words as set forth in 16 C.F.R. § 2.10(a)(1) and must include the signed separate statement of counsel required by 16 C.F.R. § 2.10(a)(2). **The Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process.** 16 C.F.R. § 2.7(k); *see also* § 2.11(b).

G.  **Modification of Specifications:** If you believe that the scope of the required search or response for any specification can be narrowed consistent with the Commission's need for documents or information, you are encouraged to discuss such possible modifications, including any modifications of definitions and instructions, with **Bikram Bandy at 202-326-2978.** All such modifications must be agreed to in writing by the Bureau Director, or a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director. 16 C.F.R. § 2.7(l).

H.  **Certification:** A responsible corporate officer shall certify that the response to this CID is complete. This certification shall be made in the form set out on the back of the CID form, or by a declaration under penalty of perjury as provided by 28 U.S.C. § 1746.

I.  **Scope of Search:** This CID covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

J.  **Document Production:** You shall produce the documentary material by making all responsive documents available for inspection and copying at your principal place of business. Alternatively, you may elect to send all responsive documents to **Reeve Tyndall, Federal Trade Commission, 600 Pennsylvania Ave., NW, Mailstop H-286, Washington, DC 20580.** Because postal delivery to the Commission is subject to delay due to heightened security

precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to **Bikram Bandy at bbandy@ftc.gov or 202-326-2978** at least five days prior to the return date.

K.      **Document Identification**: Documents that may be responsive to more than one specification of this CID need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this CID have been previously supplied to the Commission, you may comply with this CID by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

L.      **Production of Copies**: Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this CID. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request. Copies of marketing materials and advertisements shall be produced in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible. A complete copy of each document should be submitted even though only a portion of the document is within the terms of the specification. The document shall not be edited, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables, or other attachments and all other documents referred to in the document or attachments.

M.      **Electronic Submission of Documents**: The following guidelines refer to the production of any Electronically Stored Information ("ESI") or digitally imaged hard copy documents. Before submitting any electronic production, You must confirm with the Commission counsel named above that the proposed formats and media types will be acceptable to the Commission. The FTC requests Concordance load-ready electronic productions, including DAT and OPT load files.

       (1)      **Electronically Stored Information**: Documents created, utilized, or maintained in electronic format in the ordinary course of business should be delivered to the FTC as follows:

(a) Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, must be produced in native format with extracted text and metadata. Data compilations in Excel spreadsheets, or in delimited text formats, must contain all underlying data un-redacted with all underlying formulas and algorithms intact. All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

(b) All ESI other than those documents described in (1)(a) above must be provided in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents);

(c) Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

(2) **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business should be submitted in an electronic format when at all possible. These documents should be true, correct, and complete copies of the original documents as converted to TIFF (or color JPEG) images with corresponding document-level OCR text. Such a production is subject to the following requirements:

(a) Each page shall be endorsed with a document identification number which can be a Bates number or a document control number); and

(b) Logical document determination should be clearly rendered in the accompanying load file and should correspond to that of the original document; and

(c) Documents shall be produced in color where necessary to interpret them or render them intelligible.

(3) For each document electronically submitted to the FTC, You should include the following metadata fields in a standard ASCII delimited Concordance DAT file:

(a) **For electronic mail**: begin Bates or unique document identification number ("DocID"), end Bates or DocID, mail folder path (location of

email in personal folders, subfolders, deleted or sent items), custodian, from, to, cc, bcc, subject, date and time sent, date and time received, and complete attachment identification, including the Bates or DocID of the attachments (AttachIDs) delimited by a semicolon, MD5 or SHA Hash value, and link to native file;

(b) **For email attachments**: begin Bates or DocID, end Bates or DocID, parent email ID (Bates or DocID), page count, custodian, source location/file path, file name, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

(c) **For loose electronic documents (as retrieved directly from network file stores, hard drives, etc.)**: begin Bates or DocID, end Bates or DocID, page count, custodian, source media, file path, filename, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

(d) **For imaged hard copy documents**: begin Bates or DocID, end Bates or DocID, page count, source, and custodian; and where applicable, file folder name, binder name, attachment range, or other such references, as necessary to understand the context of the document as maintained in the ordinary course of business.

(4) If You intend to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in Your computer systems or electronic storage media, or if Your computer systems contain or utilize such software, You must contact the Commission counsel named above to determine whether and in what manner You may use such software or services when producing materials in response to this Request.

(5) Submit electronic productions as follows:

(a) With passwords or other document-level encryption removed or otherwise provided to the FTC;

(b) As uncompressed electronic volumes on size-appropriate, Windows-compatible, media;

(c) <u>All electronic media shall be scanned for and free of viruses;</u>

(d) Data encryption tools may be employed to protect privileged or other personal or private information. The FTC accepts TrueCrypt, PGP, and SecureZip encrypted media. The passwords should be provided in advance of delivery, under separate cover. Alternate means of encryption should be discussed and approved by the FTC.

    (e)    Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

(6)    All electronic files and images shall be accompanied by a production transmittal letter which includes:

    (a)    A summary of the number of records and all underlying images, emails, and associated attachments, native files, and databases in the production; and

    (b)    An index that identifies the corresponding consecutive document identification number(s) used to identify each person's documents and, if submitted in paper form, the box number containing such documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission counsel named above determines prior to submission that the machine-readable form would be in a format that allows the agency to use the computer files). The Commission counsel named above will provide a sample index upon request.

**A Bureau of Consumer Protection Production Guide is available upon request from the Commission counsel named above. This guide provides detailed directions on how to fully comply with this instruction.**

N.    **Sensitive Personally Identifiable Information**: If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.

For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license number or other state identification number, or a foreign country equivalent, passport number, financial account number, credit card number, or debit card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

O.    **Information Identification**: Each specification and sub-specification of this CID shall be answered separately and fully in writing under oath. All information submitted shall be clearly and precisely identified as to the specification(s) or subspecification(s) to which it is

responsive.

P.  **Submission of Documents in lieu of Interrogatory Answers**: Previously existing documents that contain the information requested in any written Interrogatory may be submitted as an answer to the Interrogatory. In lieu of identifying documents as requested in any Interrogatory, you may, at your option, submit true copies of the documents responsive to the Interrogatory, provided that you clearly indicate the specific Interrogatory to which such documents are responsive.

Q.  **Certification of Records of Regularly Conducted Activity**: Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena the Company to testify at future proceedings in order to establish the admissibility of documents produced in response to this CID. You are asked to execute this Certification and provide it with your response.

### III.  DOCUMENT REQUESTS

Please produce copies of the following documents:

D-1.  All documents relating to, referencing, or constituting internal and external communications relating to A+ Financial, including electronic communications.

D-2.  All documents relating to, referencing, or constituting communications with First National Bank of Omaha, or any other bank, relating to A+ Financial, including electronic communications.

D-3.  All documents relating to, referencing, or constituting communications with NPC relating to A+ Financial, including electronic communications.

D-4.  All documents relating to, referencing, or constituting communications with TSYS relating to A+ Financial, including electronic communications.

D-5.  All underwriting files relating to A+ Financial.

D-6.  All database information relating to A+ Financial, including information in the MAG, DDL, FSL, or HUNT Group databases that relate to A+ Financial.

D-7.  All documents relating to, referencing, or constituting chargeback requests made by customers of A+ Financial.

D-8.  All documents relating to, referencing, or constituting refund or return requests made by customers of A+ Financial.

D-9.  To the extent not already requested, all documents relating to A+ Financial.

D-10. The Company's contract with First National Bank of Omaha.

D- 11. The Company's contract with TSYS.

D- 12. All documents relating to, referencing, or constituting guidance, advice, recommendations, warnings, best practices, or requirements issued by any bank regarding processing payments for merchants: (a) engaged in telemarketing; (b) engaged in the marketing or sale of debt relief products or services, including credit card interest rate reduction services; or (c) with high rates or incidences of chargebacks.

D- 13. All documents relating to, referencing, or constituting guidance, advice, recommendations, warnings, best practices, or requirements issued by any government agency regarding processing payments for merchants engaged in telemarketing or merchants with high rates or incidences of chargebacks, including: (a) the Office of the Comptroller of the Currency's Risk Management Guidance dated April 24, 2008; or (b) the Federal Deposit Insurance Corporation's November 7, 2008 Financial Institution Letter (FIL-127-2008) Guidance on Payment Processor Relationships.

D- 14. All documents relating to, referencing, or constituting the Company's policies, procedures, and practices relating to boarding, due diligence, underwriting, re-underwriting, and monitoring of merchants: (a) engaged in telemarketing through the use of outbound telephone calls; (b) engaged in the marketing of debt relief products or services, including credit card interest rate reduction services; or (c) whose chargeback rates exceed 1% for two or more consecutive months.

## IV. INTERROGATORY

Please provide an answer to the request below, in writing and under oath.

I- 1. If, for any of the document requests set forth in Section III, there were documents that would have been responsive, but were destroyed, mislaid, transferred, deleted, altered, or over-written, please describe the documents, the date they were destroyed, mislaid, transferred, deleted, altered, or over-written, and the circumstances.

# **CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**
## Pursuant to 28 U.S.C. § 1746

1. I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by Vantiv, Inc. and attached hereto.

3. The documents produced and attached hereto by Vantiv, Inc. are originals or true copies of records of regularly conducted activity that:

    a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b) Were kept in the course of the regularly conducted activity of Vantiv, Inc.; and

    c) Were made by the regularly conducted activity as a regular practice of Vantiv, Inc..

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2013.

_____
Signature